**EXHIBIT A**

| | |
|---|---|
| **DISTRICT COURT, CITY AND COUNTY OF BOULDER, STATE OF COLORADO**<br>Boulder Justice Center<br>1777 6th Street<br>Boulder, CO 80302<br>_____<br><br>BRIAN ZUTMAN, an individual,<br><br>Plaintiff,<br><br>    *vs.*<br><br>PTA CORPORATION, a Connecticut Corporation<br><br>Defendant. | **COURT USE ONLY**<br>DATE FILED: February 8, 2021 4:00 PM<br>FILING ID: 9BD0B68A45D09<br>CASE NUMBER: 2021CV30113 |
| Attorney for Plaintiff:<br>AMY BURMA, ESQ.<br>Burma Law Offices, LLC<br>1035 Pearl Street, Suite 324<br>Boulder, Colorado 80302<br>Telephone:   720-464-5655<br>E-mail:   amy@burmalawoffices.com | Case Number:<br><br><br>Div./Ctrm: |
| **COMPLAINT WITH JURY DEMAND** | |

Plaintiff, Brian Zutman, an individual, by and through undersigned counsel, states and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Brian Zutman, is a resident of Jefferson County, Colorado.

2. PTA Corporation ("PTA"), is a Connecticut Corporation, with a place of business in Colorado located at 7350 Dry Creek Parkway, Longmont, Boulder County, Colorado 80503.

3. This Court has personal jurisdiction over Defendant in that Defendant has a place of business is in Colorado, Plaintiff was a resident of Colorado throughout his employment and this action arises from business conducted by Defendant in Colorado.

1

4. Venue is proper in this Court pursuant to C.R.C.P. 98 as the acts complained of occurred primarily in the County of Boulder and the Defendant' principal place of business is located in Boulder County, Colorado.

## GENERAL ALLEGATIONS

5. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

6. Defendant, PTA Corporation is custom injecting molding business with locations in Longmont, Colorado and Oxford, Conn.

7. On January 10, 2019, Defendant hired Plaintiff, Brian Zutman, as the General Manager and entered into an Employment Agreement. As the General Manager, Plaintiff oversaw the operations of the Longmont Facility, which consisted of overseeing over 135 employees.

8. Defendant agreed and promised to pay Plaintiff for his work, including salary in the amount of $5,961.54 per bi-weekly pay period, or approximately $155,000.00 per year, and an annual bonus, as set forth in the Employment Agreement.

9. In addition, the Employment Agreement stated that Plaintiff would receive a monthly vehicle allowance in the amount of $650.00 as part of his compensation, to be paid at the first pay period of each month.

10. Pursuant to the terms of the Employment Agreement, Plaintiff was entitled to a bonus of up to 25% of his annual salary based upon agreed upon goals and targets, which would be paid annually shortly after August 31st, the end of the company's fiscal year. *See* Ex. 1.

11. Plaintiff relied on Defendant's representations regarding the annual bonus and would not have taken the job or remained employed if no bonus was provided.

12. Despite Plaintiff's multiple requests, Defendant never set goals or targets for Plaintiff.

13. Plaintiff received a bonus in 2019, even though no goals or targets were set.

14. On May 24, 2020, Plaintiff received a raise, which increased his bi-weekly salary to $6,154.00 per bi-weekly pay period or approximately $160,004 per year.

15. Defendant terminated Plaintiff on September 9, 2020, after the end of the company's fiscal year and shortly before the company would need to pay out Plaintiff's bonus.

16. Upon information and belief, Defendant terminated Plaintiff on September 9, 2020, in an effort to avoid paying Plaintiff his earned and payable bonus.

17. PTA cannot rely on the fact that it failed to set agreed upon goals and targets as a defense to avoid paying Plaintiff. Plaintiff repeatedly requested Defendant set agreed upon goals and targets and Defendant refused to do so. Defendant cannot refuse to pay Plaintiff his bonus as a result of its refusal to agree to goals and targets.

18. Plaintiff was a good employee and did not have any complaints or regarding his job performance. In 2020 fiscal year, which ended on August 31, 2020, and for which Plaintiff was the General Manager, the Longmont Facility received approximately 24.22 million in revenue. The 2020 fiscal year was the highest revenue year in the history of the Longmont Facility.

19. Upon information and belief, based on his performance, Plaintiff would have reached any goals or targets agreed upon with Defendant, and earned the 25% bonus, which would total $40,001.00.

20. Upon information and belief, in October 2020, Defendant paid bonuses to other employees, which had Employment Agreements similar to Plaintiff.

21. After terminating Plaintiff, Defendant did not pay Plaintiff annual bonus, which was due and payable, or his September 2020 vehicle allowance.

22. The bonus and vehicle allowance constitute wages under the Colorado Wage Claim Act and are required to be paid no later than ten days following the close of each pay period unless the employer and employee agree otherwise.

23. Pursuant to Colorado Wage Claim Act, C.R.S. § 8-4-109 (3)(a), on October 19, 2020, Plaintiff sent a written demand ("Demand"), Plaintiff sent a Demand for Payment of Wages ("Wage Demand") to Defendant.

24. To date, Defendant has not paid Plaintiff his bonus or vehicle allowance.

### FIRST CLAIM FOR RELIEF
**(Violation of Colorado Wage Claim Act)**

25. Plaintiff incorporates the preceding paragraphs by reference as if fully set forth herein.

26. In return for Plaintiff's work as an employee, Defendant, entered into an agreement expressly and/or impliedly to pay compensation to Plaintiff.

27. Plaintiff's bonus and vehicle allowance constitutes wages under the Colorado Wage Claim Act.

3

28. On October 19, 2020, Plaintiff sent a Demand for Wage Demand to Defendant.

29. Despite Plaintiff's written demand to Defendant, Defendant failed and refused to pay wages earned by Plaintiff, which are vested, determinable and due, in violation of the Colorado Wage Claim Act, C.R.S. § 8-4-109.

30. Plaintiff is entitled to recover compensation and all applicable penalties available under C.R.S. §8-4-101, *et seq.*, from Defendant, together with interest, costs and attorney fees.

## SECOND CLAIM FOR RELIEF
### (Breach of Contract)

31. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

32. As set forth above, Plaintiff entered into an agreement with Defendant in which Defendant agreed to pay Plaintiff a bonus of 25% of his salary and a $650.00 monthly vehicle allowance as part of his employment compensation.

33. Plaintiff has fully performed any conditions precedent to Defendant's obligation.

34. Defendant has materially breached its contractual obligations by failing to provide Plaintiff with his bonus and his September 2020 vehicle allowance.

35. The Defendant's breach of contract has proximately caused direct and reasonably foreseeable consequential damages to Plaintiff in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF
### (Unjust Enrichment)

36. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

37. At Plaintiff's expense, Defendant received a benefit, namely Plaintiff's employment and Plaintiff's bonus and $650.00 monthly vehicle allowance.

38. The benefit was known and appreciated by Defendant.

39. The benefit was accepted by Defendant under such circumstance that it would be inequitable for the benefit to be retained without payment of its value to Plaintiff.

40. Plaintiff has suffered damages as a result of Defendant' actions, in an amount to be determined at trial.

4

## FOURTH CLAIM FOR RELIEF
### (Promissory Estoppel)

41. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

42. Defendant made promises to Plaintiff which they should reasonably have expected to induce action or forbearance by Plaintiff- namely promises to pay a Plaintiff a bonus of 25% of his salary and a $650.00 monthly vehicle.

43. Plaintiff relied on Defendant's promise of a bonus to remain employed with Defendant.

44. Plaintiff in fact reasonably relied on these promises to his determinant.

45. Defendant broke their agreement to Plaintiff, as alleged herein.

46. Injustice can only be avoided by enforcing Defendant' promises.

47. Plaintiff has suffered damages as a result of Defendant' actions, in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
### (Wage Theft)

48. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

49. C.R.S. §8-4-114 makes the failure to pay wages theft under C.R.S.§18-4-401.

50. Defendant has unlawfully retained Plaintiff's wages.

51. Plaintiff has demanded that Defendant provide Plaintiff with his bonus and vehicle allowance.

52. Defendant have refused to pay Plaintiff his wages, resulting in theft of wages under the Colorado Wage Claim Act.

53. Plaintiff has suffered damages as a result of Defendant' actions, in an amount to be determined at trial.

**WHEREFORE**, Plaintiff, Brian Zutman, respectfully requests that this Court enter judgment in his favor and against Defendant in an amount to be determined in more detail at trial for the claims set forth herein together with applicable pre- and post-judgment interest thereon, attorneys' fees, costs, penalties and such other relief as the Court deems appropriate.

Dated this 8th February 2021

**PLAINTIFF RESPECTFULLY DEMANDS A JURY ON ALL ISSUES SO TRIABLE**

                                                      Respectfully submitted,
                                                    **Burma Law Offices, LLC**
                                                    *The original signature is on file at Burma*
                                                    *Law Offices, LLC*
                                        By:    /s/ Amy K. Burma
                                                    Amy K. Burma
                                                    ATTORNEY FOR PLAINTIFF

Plaintiff's Address:
8793 Dunraven Street
Arvada, CO 80007